**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

OPENWAVE SYSTEMS INC.,

       Plaintiff,

v.

APPLE INC., RESEARCH IN MOTION
LTD., and RESEARCH IN MOTION
CORP.,

       Defendants.

C.A. No. _____

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Openwave Systems Inc. ("Openwave"), for its Complaint, alleges as follows:

**INTRODUCTION**

1.    This is an action brought by Openwave against Apple Inc., Research in Motion Ltd., and Research in Motion Corp. (collectively, "Defendants") for Defendants' infringement of Openwave's patents. In particular, Defendants have infringed Openwave's U.S. Patent Nos. 6,233,608 (the "608 Patent"), 6,289,212 (the "212 Patent"), 6,405,037 (the "037 Patent"), 6,430,409 (the "409 Patent"), and 6,625,447 (the "447 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.      Plaintiff Openwave is a corporation organized under the laws of the State of Delaware and has its principal place of business at 2100 Seaport Boulevard, Redwood City, CA 94063.

3.      Defendant Apple Inc. ("Apple") is a corporation existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

4.      Defendant Research In Motion Ltd. is a foreign corporation existing under the laws of Canada, with its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8, Canada.

5.      Defendant Research In Motion Corp. is a wholly-owned subsidiary of Defendant Research In Motion Ltd., with its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, TX 75039.

6.      Defendants Research In Motion Ltd. and Research In Motion Corp. are referred to herein collectively as "RIM."

## JURISDICTION

7.      This is an action arising under the patent laws of the United States.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over each Defendant because each Defendant has established minimum contacts with the forum.  Each Defendant manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in Delaware.  Each Defendant, directly and/or through its distribution network, places electronic devices within the stream of commerce,

which stream is directed at this District, with the knowledge and/or understanding that such products will be sold in the State of Delaware.  Therefore, the exercise of jurisdiction over each Defendant would not offend traditional notions of fair play and substantial justice.

9.    Each Defendant does business in this District, including providing products that are used, offered for sale, sold, and have been purchased in Delaware.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## GENERAL ALLEGATIONS

10.    Openwave owns by assignment the entire right, title, and interest in and to the 608 Patent, the 212 Patent, the 037 Patent, the 409 Patent, and the 447 Patent.

11.    Apple has infringed and continues to infringe each of the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not necessarily limited to one or more of making, using, selling and offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States, certain electronic devices, including, but not limited to, Apple's iPhone 3G, 3GS, and 4, iPod Touch and iPad 1 and 2 models of devices for mobile data communication.

12.    RIM has infringed and continues to infringe each of the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not necessarily limited to one or more of making, using, selling and offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States, certain electronic devices, including, but not limited to, RIM's BlackBerry Curve 9330 and Playbook models of devices for mobile data communication.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,233,608

13.     Openwave incorporates by reference the allegations set forth in paragraphs 1-12 as though fully set forth herein.

14.     The 608 Patent, entitled "Method and System for Securely Interacting with Managed Data from Multiple Devices," duly and lawfully issued on May 15, 2001. Openwave is the current owner of all rights, title, and interest in the 608 Patent.  A copy of the 608 Patent is attached as Exhibit A.

## APPLE'S INFRINGEMENT OF THE 608 PATENT

15.     Apple has infringed and is infringing the 608 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the iPhone 3G, 3GS, and 4 models of devices for mobile data communication, that infringe one or more claims of the 608 Patent.

16.     Apple has contributed and is contributing to the infringement of the 608 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute contributory infringement with knowledge of the 608 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 608 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

17.     Apple has induced and is inducing the infringement of the 608 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed

4

the acts that constitute the induced infringement with knowledge of the 608 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

18.    Apple's infringement of the 608 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

19.    Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 608 Patent.

20.    Apple's infringement of the 608 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21.    Openwave put Apple on notice of the 608 Patent and Apple's infringement prior to the service of this Complaint.  Apple's continued infringement of the 608 Patent since it was put on notice of the Patent constitutes willful infringement.

## RIM'S INFRINGEMENT OF THE 608 PATENT

22.    RIM has infringed and is infringing the 608 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the BlackBerry Curve 9330 model of devices for mobile data communication, that infringe one or more claims of the 608 Patent.

23.    RIM has contributed and is contributing to the infringement of the 608 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute contributory infringement with knowledge of the 608 Patent and knowing that the accused products were especially made or especially adapted for use in an

infringement of the 608 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

24.     RIM has induced and is inducing the infringement of the 608 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute the induced infringement with knowledge of the 608 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

25.     RIM's infringement of the 608 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

26.     RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, RIM will continue to infringe the 608 Patent.

27.     RIM's infringement of the 608 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

28.     Openwave put RIM on notice of the 608 Patent and RIM's infringement prior to the service of this Complaint.  RIM's continued infringement of the 608 Patent since it was put on notice of the Patent constitutes willful infringement.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,289,212

29.     Openwave incorporates by reference the allegations set forth in paragraphs 1-28 as though fully set forth herein.

30.     The 212 Patent, entitled "Method and Apparatus for Providing Electronic Mail Services During Network Unavailability," duly and lawfully issued on September 11, 2001.

Openwave is the current owner of all rights, title, and interest in the 212 Patent.  A copy of the 212 Patent is attached as Exhibit B.

## APPLE'S INFRINGEMENT OF THE 212 PATENT

31.     Apple has infringed and is infringing the 212 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the iPhone 3G, 3GS, and 4, iPod Touch, and iPad 1 and 2 models of devices for mobile data communication, that infringe one or more claims of the 212 Patent.

32.     Apple has contributed and is contributing to the infringement of the 212 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute contributory infringement with knowledge of the 212 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 212 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

33.     Apple has induced and is inducing the infringement of the 212 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute the induced infringement with knowledge of the 212 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

34.     Apple's infringement of the 212 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

35.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 212 Patent.

36.     Apple's infringement of the 212 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

37.     Openwave put Apple on notice of the 212 Patent and Apple's infringement prior to the service of this Complaint.  Apple's continued infringement of the 212 Patent since it was put on notice of the Patent constitutes willful infringement.

## RIM'S INFRINGEMENT OF THE 212 PATENT

38.     RIM has infringed and is infringing the 212 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the BlackBerry Curve 9330 and Playbook models of devices for mobile data communication, that infringe one or more claims of the 212 Patent.

39.     RIM has contributed and is contributing to the infringement of the 212 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute contributory infringement with knowledge of the 212 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 212 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

40.     RIM has induced and is inducing the infringement of the 212 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the

activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute the induced infringement with knowledge of the 212 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

41.    RIM's infringement of the 212 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

42.    RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, RIM will continue to infringe the 212 Patent.

43.    RIM's infringement of the 212 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

44.    Openwave put RIM on notice of the 212 Patent and RIM's infringement prior to the service of this Complaint.  RIM's continued infringement of the 212 Patent since it was put on notice of the Patent constitutes willful infringement.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 6,405,037**

45.    Openwave incorporates by reference the allegations set forth in paragraphs 1-44 as though fully set forth herein.

46.    The 037 Patent, entitled "Method and Architecture for an Interactive Two-Way Data Communication Network," duly and lawfully issued on June 11, 2002.  Openwave is the current owner of all rights, title, and interest in the 037 Patent.  A copy of the 037 Patent is attached as Exhibit C.

**APPLE'S INFRINGEMENT OF THE 037 PATENT**

47.     Apple has infringed and is infringing the 037 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the iPhone 3G, 3GS, and 4, iPod Touch and iPad 1 and 2 models of devices for mobile data communication, that infringe one or more claims of the 037 Patent.

48.     Apple has contributed and is contributing to the infringement of the 037 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute contributory infringement with knowledge of the 037 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 037 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

49.     Apple has induced and is inducing the infringement of the 037 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute the induced infringement with knowledge of the 037 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

50.     Apple's infringement of the 037 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

51.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 037 Patent.

52.     Apple's infringement of the 037 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

53.     Openwave put Apple on notice of the 037 Patent and Apple's infringement prior to the service of this Complaint.  Apple's continued infringement of the 037 Patent since it was put on notice of the Patent constitutes willful infringement.

## RIM'S INFRINGEMENT OF THE 037 PATENT

54.     RIM has infringed and is infringing the 037 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the BlackBerry Curve 9330 and Playbook models of devices for mobile data communication, that infringe one or more claims of the 037 Patent.

55.     RIM has contributed and is contributing to the infringement of the 037 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute contributory infringement with knowledge of the 037 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 037 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

56.     RIM has induced and is inducing the infringement of the 037 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute the induced infringement with knowledge of the Asserted Patents and with the knowledge or willful blindness that the induced acts would constitute infringement.

11

57.     RIM's infringement of the 037 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

58.     RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, RIM will continue to infringe the 037 Patent.

59.     RIM's infringement of the 037 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

60.     Openwave put RIM on notice of the 037 Patent and RIM's infringement prior to the service of this Complaint.  RIM's continued infringement of the 037 Patent since it was put on notice of the Patent constitutes willful infringement.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,430,409

61.     Openwave incorporates by reference the allegations set forth in paragraphs 1-60 as though fully set forth herein.

62.     The 409 Patent, entitled "Method and Architecture for an Interactive Two-Way Data Communication Network," duly and lawfully issued on August 6, 2002.  Openwave is the current owner of all rights, title, and interest in the 409 Patent.  A copy of the 409 Patent is attached as Exhibit D.

## APPLE'S INFRINGEMENT OF THE 409 PATENT

63.     Apple has infringed and is infringing the 409 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the

iPhone 3G, 3GS, and 4 models of devices for mobile data communication, that infringe one or more claims of the 409 Patent.

64.     Apple has contributed and is contributing to the infringement of the 409 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute contributory infringement with knowledge of the 409 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 409 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

65.     Apple has induced and is inducing the infringement of the 409 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute the induced infringement with knowledge of the 409 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

66.     Apple's infringement of the 409 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

67.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 409 Patent.

68.     Apple's infringement of the 409 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

69.     Openwave put Apple on notice of the 409 Patent and Apple's infringement prior to the service of this Complaint.  Apple's continued infringement of the 409 Patent since it was put on notice of the Patent constitutes willful infringement.

## RIM'S INFRINGEMENT OF THE 409 PATENT

70.     RIM has infringed and is infringing the 409 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the BlackBerry Curve 9330 model of devices for mobile data communication, that infringe one or more claims of the 409 Patent.

71.     RIM has contributed and is contributing to the infringement of the 409 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute contributory infringement with knowledge of the 409 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 409 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

72.     RIM has induced and is inducing the infringement of the 409 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute the induced infringement with knowledge of the 409 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

73.     RIM's infringement of the 409 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

14

74.     RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, RIM will continue to infringe the 409 Patent.

75.     RIM's infringement of the 409 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

76.     Openwave put RIM on notice of the 409 Patent and RIM's infringement prior to the service of this Complaint.  RIM's continued infringement of the 409 Patent since it was put on notice of the Patent constitutes willful infringement.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 6,625,447

77.     Openwave incorporates by reference the allegations set forth in paragraphs 1-76 as though fully set forth herein.

78.     The 447 Patent, entitled "Method and Architecture for an Interactive Two-Way Data Communication Network," duly and lawfully issued on September 23, 2003. Openwave is the current owner of all rights, title, and interest in the 447 Patent.  A copy of the 447 Patent is attached as Exhibit E.

## APPLE'S INFRINGEMENT OF THE 447 PATENT

79.     Apple has infringed and is infringing the 447 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the iPhone 3G, 3GS, and 4, iPod Touch and iPad 1 and 2 models of devices for mobile data communication, that infringe one or more claims of the 447 Patent.

80.    Apple has contributed and is contributing to the infringement of the 447 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute contributory infringement with knowledge of the 447 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 447 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

81.    Apple has induced and is inducing the infringement of the 447 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, Apple performed the acts that constitute the induced infringement with knowledge of the 447 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

82.    Apple's infringement of the 447 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

83.    Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 447 Patent.

84.    Apple's infringement of the 447 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

85.    Openwave put Apple on notice of the 447 Patent and Apple's infringement prior to the service of this Complaint.  Apple's continued infringement of the 447 Patent since it was put on notice of the Patent constitutes willful infringement.

## RIM'S INFRINGEMENT OF THE 447 PATENT

86.     RIM has infringed and is infringing the 447 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices, such as at least the BlackBerry Curve 9330 and Playbook models of devices for mobile data communication, that infringe one or more claims of the 447 Patent.

87.     RIM has contributed and is contributing to the infringement of the 447 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute contributory infringement with knowledge of the 447 Patent and knowing that the accused products were especially made or especially adapted for use in an infringement of the 447 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

88.     RIM has induced and is inducing the infringement of the 447 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute the induced infringement with knowledge of the 447 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

89.     RIM's infringement of the 447 Patent has caused and continues to cause damage to Openwave in an amount to be determined at trial.

90.     RIM's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Openwave for which there is no adequate remedy at law.  Unless enjoined by this Court, RIM will continue to infringe the 447 Patent.

91.     RIM's infringement of the 447 Patent is exceptional and entitles Openwave to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

92.     Openwave put RIM on notice of the 447 Patent and RIM's infringement prior to the service of this Complaint.  RIM's continued infringement of the 447 Patent since it was put on notice of the Patent constitutes willful infringement.

### DEMAND FOR JURY TRIAL

93.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Openwave demands a trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Openwave prays for judgment and seeks relief against Defendants as follows:

(a)     That the Asserted Patents have been and continue to be directly and/or indirectly infringed by each of the Defendants;

(b)     That the Asserted Patents are not invalid and are enforceable;

(c)     For all damages sustained as a result of each Defendant's infringement of Openwave's patents as herein alleged, including an award of enhanced damages pursuant to 35 U.S.C. § 284;

(d)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(e)     For a permanent injunction enjoining each Defendant, its officers, agents, servants, employees and all other persons acting in concert or participation with it from further infringement, contributory infringement, and inducement of infringement of the Asserted Patents;

(f)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g)     For all costs of suit; and

(h)     For such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff Openwave Systems Inc.*

OF COUNSEL:

Scott J. Pivnick
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004
(202) 239-3300

August 31, 2011

4468795.1