IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OPENWAVE SYSTEMS INC.,                    )
                                          )
          Plaintiff,                      )
                                          )     C.A. No. 11-765-(RGA)
          v.                              )
                                          )     **JURY TRIAL DEMANDED**
APPLE INC., et al.,                       )
                                          )
          Defendants.                     )


**DEFENDANTS RESEARCH IN MOTION LTD., RESEARCH IN MOTION CORP., AND
APPLE INC.'S JOINT OPENING BRIEF IN SUPPORT OF JOINT MOTION TO
DISMISS OR STRIKE CLAIMS IN UNWIRED PLANET, INC.'S
<u>FIRST AMENDED COMPLAINT</u>**


OF COUNSEL:

Bruce A. Wessel
Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Tel:  (310) 277-1010
bwessel@irell.com
aheinrich@irell.com

Dated:  February 1, 2013
1092724 / 37280

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Research in Motion
Ltd. and Research in Motion Corp.*

OF COUNSEL:

Josh Krevitt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

H. Mark Lyon
Y. Ernest Hsin
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Tel.: 650.849.5300
Fax: 650.849.5333

Dated:  February 1, 2013

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
kdorsney@morrisjames.com

*Attorneys for Defendant Apple Inc.*

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.     SUMMARY OF ARGUMENT ........................................................................................ 2

III.    STATEMENT OF FACTS .............................................................................................. 3

IV.     ARGUMENT .................................................................................................................. 5

      1.      UP's Allegations Have Not Been Pleaded With Sufficient Facts ........................ 5

            A.      UP Has Not Pleaded Sufficient Facts to State a Claim for
            Willful Infringement ................................................................................ 5

            B.      UP Has Not Pleaded Sufficient Facts to State a Claim for
            Contributory Infringement ....................................................................... 6

            C.      UP Has Not Pleaded Sufficient Facts to State a Claim for
            Induced Infringement ............................................................................... 8

      2.      Defendants Cannot Willfully Infringe or be Objectively Reckless in
      Light of UP's Admissions in the ITC Case ........................................................ 9

V.      CONCLUSION ............................................................................................................. 10

TABLE OF AUTHORITIES

Cases

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
    692 F.3d 1301 (Fed. Cir. 2012) ................................................................8

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,*
    692 F. Supp. 2d 487 (M.D. Pa. 2010).............................................2, 3, 10

*Aro Mfg. Co. v. Convertible Top Replacement Co.,*
    377 U.S. 476 (1964) ..............................................................................7

*Arris Group, Inc. v. British Telecomms. PLC,*
    639 F.3d 1368 (Fed. Cir. 2011) ..............................................................6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ......................................................................passim

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.,*
    682 F.3d 1003 (Fed. Cir. 2012) ..............................................................9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................2, 5, 6, 7

*Circuit City Stores, Inc. v. Citgo Petroleum Corp.,*
    C.A. No. 92-CV-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ............1

*Cohesive Techs. Inc. v. Waters Corp.,*
    543 F.3d 1351 (Fed. Cir. 2008) ..............................................................9

*DSU Med. Corp. v. JMS Co.,*
    471 F.3d 1293 (Fed. Cir. 2006) ..............................................................8

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009) .................................................................5, 6

*Global-Tech Appliances, Inc. v. SEB S.A.,*
    131 S. Ct. 2060 (2011)..........................................................................7, 8

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012) .........................................................2, 7, 8

*In re Seagate Tech., LLC,*
    497 F.3d 1360 (Fed. Cir. 2007) .........................................................2, 5, 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ..............................................................................1

Statutes

28 U.S.C. § 1659 .................................................................................................................1

35 U.S.C. § 271(b) .............................................................................................................8

35 U.S.C. § 271(c) .............................................................................................................6

35 U.S.C. § 284 .................................................................................................................5

Rules

D. Del. LR 7.1.1 ...............................................................................................................10

Fed. R. Civ. P. 12(a)(4)(A) ...............................................................................................1

Fed. R. Civ. P. 12(b)(6) ................................................................................................1, 5

Fed. R. Civ. P. 12(f) ..........................................................................................................1

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Defendants Research In Motion Ltd. and Research In Motion Corp. ("RIM"), and Apple

Inc. ("Apple") (collectively, "Defendants") hereby move to dismiss or strike plaintiff Unwired

Planet, Inc.'s ("UP") willful and indirect patent infringement claims in the First Amended

Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f).[1]  (When this action was filed,

UP was known as Openwave Systems, Inc.  This brief uses plaintiff's current name.)

This proceeding follows UP's International Trade Commission ("ITC") proceeding *In the*

*Matter of Certain Devices for Mobile Data Communication*, Inv. No. 337-TA-809, which was

filed by UP concurrently with this action on August 31, 2011. D.I. 1.  This action was stayed on

October 17, 2011 pursuant to the mandatory stay provision of 28 U.S.C. § 1659. D.I. 7.  As

described in more detail below, UP gave up at the ITC days before trial, admitting that it could

not prove infringement under the Administrative Law Judge's ("ALJ") claim construction.  UP

agreed that "Respondents [RIM and Apple] therefore do not infringe those patents, and

Complainant has advised the Administrative Law Judge that there are no triable issues of fact

with respect to infringement of those patents." Ex 4 at 2.[2]  "Those patents" refers to the three

patents-in-suit.  UP asked for termination of the ITC action.  Ex. 5.  After termination was

granted, the stay of this proceeding was lifted. D.I. 9.  UP filed its FAC on January 2, 2013. D.I.

11.

---

[1]    The paragraphs of the FAC subject to this motion are: 22, 23, 27, 29, 30, 34, 38, 39, 43, 45, 46, 50, 54, 55, 59, 61, 62, and 66.  Defendants will answer UP's remaining direct infringement claims when the Court rules on this motion.  A partial Fed. R. Civ. P. 12 motion enlarges time to file an answer even if some claims are not subject to being dismissed or struck. *See Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, C.A. No. 92-CV-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994); *cf.* Fed. R. Civ. P. 12(a)(4)(A).

[2]    The Court may take judicial notice of the ITC proceeding without converting this motion into one for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Defendants are filing a Request for Judicial Notice with this motion.  The exhibits cited in this motion are attachments to the Request for Judicial Notice.

## II.   SUMMARY OF ARGUMENT

The ALJ construed the UP patents-in-suit to exclude smartphones.[3] Ex. 1. After this claim construction ruling, UP asked the ALJ for clarification. In response to UP's request, the ALJ ruled again that the patents-in-suit did not cover smartphones. Ex. 2. UP then admitted it could not prove infringement. Exs. 3 and 4.

UP now asserts in the FAC that Defendants willfully and indirectly infringe these same patents. These claims should be dismissed or struck for two reasons.

1.      UP has not pleaded sufficient facts to support its willful and indirect infringement claims. They should be dismissed under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012).

2.      UP cannot plead any set of facts that would show willful infringement. Willful infringement requires "clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). As a matter of law, this standard cannot be met because of UP's admissions at the ITC that there is no infringement under the ALJ's claim construction. In *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487 (M.D. Pa. 2010) the court rejected a finding of willfulness noting that when, under one judge's claim construction, there is no infringement, it would be "a miscarriage of justice" to

---

[3]      UP is asserting three patents in this case: U.S. Patent Nos. 6,405,037 (the "'037 patent"), 6,430,409 (the "'409 patent"), and 6,625,447 (the "'447 patent"). Each patent uses a particular claim term to describe the devices covered by the patent. The '037 patent uses the term "mobile device." The '409 patent uses the term "wireless mobile telephone." The '447 patent uses the term "two-way communication device." The ALJ construed all of these terms to exclude devices containing computer modules, i.e., smartphones. Ex. 1 at 66-77, 111-13, 143-45.

make a finding of willfulness (even if another judge construes the claims differently). *Arlington*, 692 F. Supp. 2d at 503-05. The *Arlington* court observed that it is difficult to "conjure up a defense which would be more 'reasonable' than one expressly adopted by a federal judge . . . ." *Id.* at 504.

## III.    STATEMENT OF FACTS

UP accuses Defendants of willful infringement in a conclusory fashion, alleging only that that Defendants were on notice of the patents and continued infringement. D.I. 11 ¶¶ 27, 34, 43, 50, 59, 66. The allegations of contributory and induced infringement are similarly conclusory, alleging knowing infringement without any explanation as to why UP contends there was such knowledge. D.I. 11 ¶¶ 22, 23, 29, 30, 38, 39, 45, 46, 54, 55, 61, 62.

The paucity of UP's allegations in the FAC are not from any lack of discovery – the parallel case was actively litigated in the ITC for over a year.

The ALJ issued a claim construction order on September 28, 2012. Ex. 1. In the claim construction order, the ALJ construed the "device terms" of all three patents to exclude devices that contain a computer module. *Id.* at 66-77, 111-13, 143-45. On October 5, 2012, the ALJ confirmed the ruling a second time when UP asked for clarification. Ex. 2. UP then immediately filed a "Notice of No Triable Issue of Fact as to the Question of Infringement of All Asserted Claims of U.S. Patent Nos. 6,405,037, 6,430,409, and 6,625,447." Ex. 3. UP's Notice stated:

> Based on the Markman Order and the clarification, Unwired Planet submits that there is no triable issue of fact with regard to whether the accused devices meet the terms "mobile device," "wireless mobile telephone" and "two-way communication device." **As a result, the Administrative Law Judge should grant summary determination of non-infringement against Unwired Planet** [and in favor of Defendants] based on these terms.

Ex. 3 at 2 (emphasis added).

On October 11, 2012, all parties requested a termination of the investigation. Ex. 4. The

joint filing stated:

> In light of the Administrative Law Judge's orders regarding claim construction
> (Order Nos. 46 and 51), Complainant acknowledges that Respondents' accused
> products do not satisfy the "making available" limitation of the '037 patent under
> the claim construction in Order No. 46, or the limitations "mobile device" in the
> '037 patent, "wireless mobile telephone" in the '409 patent, and "two-way
> communication device" in the '447 patent (collectively, the "mobile device"
> terms) under the claim construction in Order No. 46 or the clarification of the
> claim construction in Order 51 based on the grounds advanced in Respondents'
> Motions for Summary Determination as to these terms. **As a result of these
> conceded limitations, Respondents therefore do not infringe those patents,
> and Complainant has advised the Administrative Law Judge that there are
> no triable issues of fact with respect to infringement of those patents** (*see* Dkt.
> No. 2843). Unwired Planet does not make any concession as to elements other
> than the above specifically mentioned elements.

Ex. 4 at 1-2 (emphasis added).

On October 12, 2012, UP withdrew its ITC complaint. Ex. 5. On the same day, the ALJ

issued an Initial Determination terminating the ITC investigation based on withdrawal of the

complaint. Ex. 6.

On October 15, 2012, Tim Robbins, UP's General Manager, Intellectual Property

Division, announced the ITC results on UP's public blog:

> The ALJ entered several orders in the past several weeks that had the collective
> effect of: (i) undercutting our infringement case, (ii) requiring us to bear
> substantial costs to move to the next phase and (iii) postponing our opportunity to
> seek an appeal of the effects of these orders. As a collective result, we have
> terminated the investigation.

Tim Robbins, *Unwired Planet Terminates ITC Litigation; Intends to Pursue Matter in District

Court of Delaware*, Unwired Planet Blog (Oct. 15, 2012), http://www.unwiredplanet.com/blog.

On November 13, 2012, the full Commission determined not to review the ALJ's Initial

Determination, converting it into a Final Determination terminating the investigation. Ex. 7.

## IV.    ARGUMENT

### 1.    UP's Allegations Have Not Been Pleaded With Sufficient Facts

Complaints must contain sufficient factual content to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must be able to make a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Complaint cannot simply be "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Conclusory allegations are insufficient for the purpose of determining whether each element of a cause of action is well pleaded. *Twombly*, 550 U.S. at 555.  Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate if the factual allegations do not "raise a right to relief above the speculative level." *Id.* at 555-56.

### A.    UP Has Not Pleaded Sufficient Facts to State a Claim for Willful Infringement

Pursuant to 35 U.S.C. § 284, a "court may increase the damages [for patent infringement] up to three times the amount found or assessed" if willful infringement has been shown. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007).  "[P]roof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *Id.* at 1371. "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.*

Claims of willful infringement must plead specific facts.  Under *Iqbal*, 556 U.S. at 662, and *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), a claim of "willfulness" may be alleged generally, but there must be facts alleged that "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 210-11.

All that UP alleges, for each of the three patents-in-suit, is:

5

27.  Unwired Planet put Apple on notice of the 037 Patent and Apple's infringement prior to the service of this Complaint.  Apple's continued infringement of the 037 Patent since it was put on notice of the Patent constitutes willful infringement.

...

34.  Unwired Planet put RIM on notice of the 037 Patent and RIM's infringement prior to the service of this Complaint.  RIM's continued infringement of the 037 Patent since it was put on notice of the Patent constitutes willful infringement.

D.I. 11 ¶¶ 27, 34, 43, 50, 59, 66.

This allegation is deficient under *Twombly, Iqbal*, and *UPMC Shadyside*.  UP does not specify any facts tending to show that Defendants' actions constitute an objectively high likelihood of patent infringement, nor does UP plead facts that even hint "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371.

### B.    UP Has Not Pleaded Sufficient Facts to State a Claim for Contributory Infringement

Contributory infringement is governed by 35 U.S.C. § 271(c):

Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

The elements of contributory infringement therefore include, at a minimum: (1) that the defendant's product was used by a third party to commit an act of direct infringement, *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1376 (Fed. Cir. 2011); (2) that the product's use constituted a "material part of the invention," *id.*; (3) that the component was

"especially made or especially adapted" for the infringing use, *id.*; (4) that the component has no

"substantial noninfringing use," *id.*; (5) that the defendant acted with "knowledge of the

existence of the patent," *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011);

and (6) that the defendant "knew that the combination for which [its] component was especially

designed was both patented and infringing," *Aro Mfg. Co. v. Convertible Top Replacement Co.*,

377 U.S. 476, 488 (1964).

"[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement

claims," including claims for both contributory and induced infringement. *In re Bill of Lading*

*Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

UP pleaded contributory infringement for each of the three patents-in-suit in the

following manner:

> 22.  Apple has contributed and is contributing to the infringement of the 037
> Patent by others in this District and elsewhere in the United States. The direct
> infringement occurs by the activities of end users of the accused products. Upon
> information and belief, Apple performed the acts that constitute contributory
> infringement with knowledge of the 037 Patent and knowing that the accused
> products were especially made or especially adapted for use in an infringement of
> the 037 Patent, and are not a staple article or commodity of commerce suitable for
> substantial non-infringing use.
>
> ...
>
> 29.  RIM has contributed and is contributing to the infringement of the 037 Patent
> by others in this District and elsewhere in the United States.  The direct
> infringement occurs by the activities of end users of the accused products.  Upon
> information and belief, RIM performed the acts that constitute contributory
> infringement with knowledge of the 037 Patent and knowing that the accused
> products were especially made or especially adapted for use in an infringement of
> the 037 Patent, and are not a staple article or commodity of commerce suitable for
> substantial non-infringing use.

D.I. 11 ¶¶ 22, 29, 38, 45, 54, 61.

UP's allegation is factually deficient under *Twombly*, *Iqbal*, and *In re Bill of Lading*, as it

amounts to nothing more than a "[t]hreadbare recital[] of the elements of [the] cause of action,

supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.  For example, UP alleges that

the "direct infringement occurs by the activities of end users of the accused products," but UP

does not specify what the alleged infringing activities are.  As another example, UP alleges that

Defendants' devices were "especially made or especially adapted" for an infringing use, but that

is a conclusion unsupported by any facts.  UP further alleges that Defendants' devices do not

have a "substantial non-infringing use," but does not back up this legal conclusion.  *See, e.g., In

re Bill of Lading*, 681 F.3d at 1337 ("To state a claim for contributory infringement . . . a plaintiff

must, among other things, plead facts that allow an inference that the components sold or offered

for sale have no substantial non-infringing uses.").

### C.     UP Has Not Pleaded Sufficient Facts to State a Claim for Induced Infringement

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be

liable as an infringer."  Courts have interpreted this to imply at least the following elements:

(1) direct infringement by a third party or parties; (2) an affirmative act by the defendant that

actively induced the direct infringement; (3) "knowledge of the existence of the patent that is

infringed," *Global-Tech*, 131 S. Ct. at 2068; (4) "knowledge that the induced acts constitute

patent infringement," *id.*; and (5) "specific intent to encourage another's infringement," *Akamai

Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012) (en banc) (quoting

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc)).  To survive a

motion to dismiss, a plaintiff's allegations of induced infringement must contain facts plausibly

showing that each of the foregoing elements can be established.  *In re Bill of Lading*, 681 F.3d at

1339.

UP's induced infringement allegation for each of the three patents-in-suit is cursory:

23.   Apple has induced and is inducing the infringement of the 037 Patent by
others in this District and elsewhere in the United States. The direct infringement

8

occurs by the activities of end users of the accused products. Upon information and belief, Apple performed the acts that constitute the induced infringement with knowledge of the 037 Patent and with the knowledge or willful blindness that the induced acts would constitute infringement.

…

30.  RIM has induced and is inducing the infringement of the 037 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.  Upon information and belief, RIM performed the acts that constitute the induced infringement with knowledge of the Asserted Patents and with the knowledge or willful blindness that the induced acts would constitute infringement.

D.I. 11 ¶¶ 23, 30, 39, 46, 55, 62.

This is again deficient.  UP does not identify any acts of end users that would constitute direct infringement.  UP does not say what affirmative act Defendants supposedly performed to induce infringement.  UP ignores the specific intent requirement completely.

### 2.    Defendants Cannot Willfully Infringe or be Objectively Reckless in Light of UP's Admissions in the ITC Case

The determination under *Seagate* of objective recklessness "entails an objective assessment of potential defenses based on the risk presented by the patent." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006 (Fed. Cir. 2012).  This "objective prong" must be proved by clear and convincing evidence as a matter of law.  *Id.* at 1005.

The ITC claim construction ruling coupled with UP's admission that there can be no infringement under that ruling prevents a finding that there is or ever could have been an objectively high likelihood that Defendants infringe or infringed any of the three patents-in-suit. *See, e.g., Cohesive Techs. Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008) ("Because 'rigid' was susceptible to a reasonable construction under which Waters's products did not infringe, there was not an objectively high likelihood that Waters's actions constituted

9

infringement."); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487, 504 (M.D. Pa. 2010) (invalidating jury finding of willfulness where claim construction ruling in prior case created a reasonable non-infringement defense and stating "it would be difficult to conjure up a defense which would be more 'reasonable' than one expressly adopted by a federal judge, albeit in conflict with a second federal judge").

## V.   CONCLUSION

UP has not pleaded sufficient facts to state a claim for willful or indirect infringement that is plausible. The willful and indirect infringement allegations in paragraphs 22, 23, 27, 29, 30, 34, 38, 39, 43, 45, 46, 50, 54, 55, 59, 61, 62, and 66 of the FAC should be dismissed or struck. The dismissal should be with prejudice due to the long pendency of this action and UP's full opportunity in the ITC action.

Pursuant to D. Del. LR 7.1.1, counsel for Defendants made reasonable efforts (by letter on January 24, 2013 for RIM and by letter on January 30, 2013 for Apple, and subsequent emails) to reach agreement with UP on the matters set forth in this motion, but UP would not dismiss its claims of willful and indirect infringement.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ David E. Moore*
   Richard L. Horwitz (#2246)

Bruce A. Wessel
Alan J. Heinrich
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Tel:  (310) 277-1010
bwessel@irell.com
aheinrich@irell.com

   David E. Moore (#3983)
   Bindu A. Palapura (#5370)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE  19801
   Tel:  (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com
   bpalapura@potteranderson.com

Dated:  February 1, 2013
1092718 / 37280

*Attorneys for Defendants Research in Motion
Ltd. and Research in Motion Corp.*


MORRIS JAMES LLP

OF COUNSEL:

By: */s/ Mary B. Matterer*
   Richard K. Herrmann (#405)

Josh Krevitt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

   Mary B. Matterer (#2696)
   Kenneth L. Dorsney (#3726)
   MORRIS JAMES LLP
   500 Delaware Avenue, Suite 1500
   Wilmington, Delaware 19801
   (302) 888-6800
   rherrmann@morrisjames.com
   mmatterer@morrisjames.com
   kdorsney@morrisjames.com

H. Mark Lyon
Y. Ernest Hsin
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Tel.: 650.849.5300
Fax: 650.849.5333

*Attorneys for Defendant Apple Inc.*

Dated:  February 1, 2013

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 1, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 1, 2013, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jbbefiling@mnat.com
rdsefiling@mnat.com

Richard K. Herrmann
Kenneth Laurence Dorsney
Mary Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
rherrmann@morrisjames.com
kdorsney@morrisjames.com
mmatterer@morrisjames.com

By:     /s/ David E. Moore
       Richard L. Horwitz
       David E. Moore
       Bindu A. Palapura
       POTTER ANDERSON & CORROON LLP
       Tel: (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com
       bpalapura@potteranderson.com

1092732 / 37280