**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., | |
| Plaintiff, | C.A. No. 11-765 (RGA) |
| vs. | |
| APPLE INC., RESEARCH IN MOTION LTD. AND RESEARCH IN MOTION CORP., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**APPLE'S ANSWER TO UNWIRED PLANET'S FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT, AFFIRMATIVE AND
OTHER DEFENSES, AND COUNTERCLAIMS**

Defendant Apple Inc. ("Apple"), by and through its attorneys, hereby responds to

Unwired Planet, Inc.'s ("Unwired Planet"), f/k/a Openwave Systems Inc., First Amended

Complaint for Patent Infringement ("First Amended Complaint"). Apple denies each and every

allegation in the First Amended Complaint, except as specifically admitted herein. The

responses below reflect only the current status of Apple's knowledge and belief regarding the

subject matter of the allegations to which they respond and are subject to additional or different

information that may be discovered during the course of this proceeding. The headings below

track those used in the First Amended Complaint and are for convenience only. They do not

constitute any part of Apple's Answer to the First Amended Complaint or any admission by

Apple as to the truth of the matters asserted.

**INTRODUCTION**

1.      Apple admits that Openwave Systems, Inc. ("Openwave") brought this action

against Apple and Research In Motion Ltd. and Research In Motion Corp. (collectively, "RIM"),

alleging that Apple and RIM infringe U.S. Patent Nos. 6,405,037 (the "'037 Patent"), 6,430,409

(the "'409 Patent), and 6,625,447 (the "'447 Patent") (collectively, the "Asserted Patents").
Apple denies the remaining allegations contained in Paragraph 1 of the First Amended
Complaint.

2.      Apple lacks knowledge or information sufficient to form a belief as to the truth of
the allegation contained in Paragraph 2 of the First Amended Complaint therefore denies this
allegation.

3.      Apple admits that in or around April 2012 Openwave Systems Inc. sold its
product businesses.  Apple lacks knowledge or information sufficient to form a belief as to the
truth of the remaining allegations in Paragraph 3 of the First Amended Complaint and therefore
denies those allegations.

4.      Apple lacks knowledge or information sufficient to form a belief as to the truth of
the allegation contained in Paragraph 4 of the First Amended Complaint and therefore denies this
allegation.

5.      Apple admits that Openwave is now known as Unwired Planet.  Apple lacks
knowledge or information sufficient to form a belief as to the truth of the remaining allegations
contained in Paragraph 5 of the First Amended Complaint and therefore denies those allegations.

6.      Apple lacks knowledge or information sufficient to form a belief as to the truth of
the allegation contained in Paragraph 6 of the First Amended Complaint and therefore denies this
allegation.

7.      Apple lacks knowledge or information sufficient to form a belief as to the truth of
the allegation contained in Paragraph 7 of the First Amended Complaint and therefore denies this
allegation.

## PARTIES

8.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 8 of the First Amended Complaint and therefore denies these allegations.

9.      Apple admits that it is a corporation organized under the laws of California, and that its principal place of business is located at 1 Infinite Loop, Cupertino, California 95014-2083.

10.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint and therefore denies those allegations.

11.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the First Amended Complaint and therefore denies those allegations.

12.     A response is not required to the statement contained in Paragraph 12 of the First Amended Complaint.

## JURISDICTION

13.     Apple admits that Unwired Planet purports to bring this action as one arising under the patent law of the United States, 35 U.S.C. § 101 *et seq.*  Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14.     For the purposes of this action, Apple does not challenge the personal jurisdiction of this Court over Apple.  Apple admits for the purposes of this action that it has conducted and does conduct business within the State of Delaware.  Apple admits for the purposes of this action that it, directly or through subsidiaries or intermediaries, ships, distributes, offers for sale, sells,

and advertises products and/or services in the United States, the State of Delaware, and the District of Delaware.  Apple denies that any of its products infringe any patent asserted by Unwired Planet.  But, for the purposes of this action, Apple admits that it, directly or through subsidiaries or intermediaries, has placed into the stream of commerce one or more of the products and/or services that are alleged by Unwired Planet to infringe one or more of the Asserted Patents.  Apple admits that it has done so with the expectation that at least some of such products and/or services will be purchased and/or used by consumers in the District of Delaware, and that such products and/or services have been and continue to be purchased and/or used by consumers in the District of Delaware.  Apple denies the remaining allegations in Paragraph 14 of the First Amended Complaint.

15.     For the purposes of this action, Apple admits that it has conducted and does conduct business within the State of Delaware, including providing products that are used, offered for sale, sold, and have been purchased in Delaware.  For purposes of this action, Apple does not challenge that venue is proper in this judicial district.

**GENERAL ALLEGATIONS**

16.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint and therefore denies those allegations.

17.     Apple admits that it has sold or offered for sale in this District and elsewhere in the United States, and imported into the United States, the iPhone 3G, 3GS, 4, 4S, and 5, the iPod touch, the iPad 1, 2 and the "new" iPad.  Apple does not have a product called the iPad "3".  Apple denies the remaining allegations contained in Paragraph 17 of the First Amended Complaint.

18.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint and therefore denies those allegations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,405,037

19.      No response is required to Unwired Planet's incorporation by reference of paragraphs 1-18 of its First Amended Complaint.  To the extent a response is deemed required, Apple incorporates by reference its responses in Answer to Paragraphs 1-18, above.

20.      Apple admits that United States Letters Patent No. 6,405,037 ("the '037 Patent"), is entitled "Method and Architecture for an Interactive Two-Way Data Communication Network," lists Alain Rossmann as the inventor, and lists as its issue date June 11, 2001.  Apple admits that what purports to be a true and correct copy of the '037 Patent is attached as Exhibit A to the First Amended Complaint.  Apple denies that the '037 Patent was duly and legally issued, and denies that Unwired Planet is entitled to sue for past and future infringement.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the First Amended Complaint, and therefore denies these allegations.

**APPLE'S [ALLEGED] INFRINGEMENT OF THE '037 PATENT**

21.      Denied.

22.      The allegations contained in Paragraph 22 of the First Amended Complaint are the subject of Defendants Research In Motion Ltd., Research In Motion Corp., and Apple Inc.'s Joint Motion to Dismiss or Strike Claims in Unwired Planet, Inc.'s First Amended Complaint ("Joint Motion to Dismiss"), filed February 1, 2013.  Apple denies the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     The allegations contained in Paragraph 23 of the First Amended Complaint are the subject of Defendants' Joint Motion to Dismiss, filed February 1, 2013.  Apple denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24.     Denied.

25.     Denied.

26.     Denied.

27.     The allegations contained in Paragraph 27 of the First Amended Complaint are the subject of Defendants' Joint Motion to Dismiss, filed February 1, 2013.  Apple admits that Unwired Planet, f/k/a Openwave, notified Apple of the existence of the Asserted Patents prior to the service of the First Amended Complaint.  Apple denies the remaining allegations contained in Paragraph 27 of the First Amended Complaint.

## RIM'S [ALLEGED] INFRINGEMENT OF THE '037 PATENT

28.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint and therefore denies those allegations.

29.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint and therefore denies those allegations.

30.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Amended Complaint and therefore denies those allegations.

31.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the First Amended Complaint and therefore denies those allegations.

32.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the First Amended Complaint and therefore denies those allegations.

33.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint and therefore denies those allegations.

34.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the First Amended Complaint and therefore denies those allegations.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,430,409

35.     No response is required to Unwired Planet's incorporation by reference of paragraphs 1-34 of its First Amended Complaint.  To the extent a response is deemed required, Apple incorporates by reference its responses in Answer to Paragraphs 1-34, above.

36.     Apple admits that United States Letters Patent No. 6,430,409 ("the '409 Patent"), is entitled "Method and Architecture for an Interactive Two-Way Data Communication Network," lists Alain Rossmann as the inventor, and lists as its issue date August 6, 2002.  Apple admits that what purports to be a true and correct copy of the '409 Patent is attached as Exhibit B to the First Amended Complaint.  Apple denies that the '409 Patent was duly and legally issued, and denies that Unwired Planet is entitled to sue for past and future infringement.  Apple lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 36 of the First Amended Complaint and therefore denies these allegations.

## APPLE'S [ALLEGED] INFRINGEMENT OF THE '409 PATENT

37.    Denied.

38.    The allegations contained in Paragraph 38 of the First Amended Complaint are

the subject of Defendants' Joint Motion to Dismiss, filed February 1, 2013.  Apple denies the

allegations contained in Paragraph 38 of the First Amended Complaint.

39.    The allegations contained in Paragraph 39 of the First Amended Complaint are

the subject of Defendants' Joint Motion to Dismiss, filed February 1, 2013.  Apple denies the

allegations contained in Paragraph 39 of the First Amended Complaint.

40.    Denied.

41.    Denied.

42.    Denied.

43.    The allegations contained in Paragraph 43 of the First Amended Complaint are

the subject of Defendants' Joint Motion to Dismiss, filed February 1, 2013.  Apple admits that

Unwired Planet, f/k/a Openwave, notified Apple of the existence of the Asserted Patents prior to

the service of the First Amended Complaint.  Apple denies the remaining allegations contained

in Paragraph 43 of the First Amended Complaint.

## RIM'S [ALLEGED] INFRINGEMENT OF THE '409 PATENT

44.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 44 of the First Amended Complaint and therefore denies

those allegations.

45.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the First Amended Complaint and therefore denies those allegations.

46.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the First Amended Complaint and therefore denies those allegations.

47.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the First Amended Complaint and therefore denies those allegations.

48.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the First Amended Complaint and therefore denies those allegations.

49.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the First Amended Complaint and therefore denies those allegations.

50.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the First Amended Complaint and therefore denies those allegations.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,625,447

51.     No response is required to Unwired Planet's incorporation by reference of paragraphs 1-50 of its First Amended Complaint.  To the extent a response is deemed required, Apple incorporates by reference its responses in Answer to Paragraphs 1-50, above.

52.     Apple admits that United States Letters Patent No. 6,625,447 ("the '447 Patent"), is entitled "Method and Architecture for an Interactive Two-Way Data Communication Network," lists Alain Rossmann as the inventor, and lists as its issue date September 23, 2003. Apple admits that what purports to be a true and correct copy of the '447 Patent is attached as Exhibit C to the First Amended Complaint.  Apple denies that the '447 Patent was duly and legally issued, and denies that Unwired Planet is entitled to sue for past and future infringement. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the First Amended Complaint, and therefore denies these allegations.

<strong>APPLE'S [ALLEGED] INFRINGEMENT OF THE '447 PATENT</strong>

53.     Denied.

54.     The allegations contained in Paragraph 54 of the First Amended Complaint are the subject of Defendants' Joint Motion to Dismiss, filed February 1, 2013.  Apple denies the allegations contained in Paragraph 54 of the First Amended Complaint.

55.     The allegations contained in Paragraph 55 of the First Amended Complaint are the subject of Defendants' Joint Motion to Dismiss, filed February 1, 2013.  Apple denies the allegations contained in Paragraph 55 of the First Amended Complaint.

56.     Denied.

57.     Denied.

58.     Denied.

59.     The allegations contained in Paragraph 59 of the First Amended Complaint are the subject of Defendants' Joint Motion to Dismiss, filed February 1, 2013.  Apple admits that Unwired Planet, f/k/a Openwave, notified Apple of the existence of the Asserted Patents prior to

the service of the First Amended Complaint.  Apple denies the remaining allegations contained in Paragraph 59 of the First Amended Complaint.

### RIM'S [ALLEGED] INFRINGEMENT OF THE '447 PATENT

60.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the First Amended Complaint and therefore denies those allegations.

61.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the First Amended Complaint and therefore denies those allegations.

62.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the First Amended Complaint and therefore denies those allegations.

63.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the First Amended Complaint and therefore denies those allegations.

64.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the First Amended Complaint and therefore denies those allegations.

65.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the First Amended Complaint and therefore denies those allegations.

66.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the First Amended Complaint and therefore denies those allegations.

## DEMAND FOR JURY TRIAL

67.     A response is not required to Unwired Planet's demand for a trial by jury.  To the extent that a response is deemed required, Apple requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

68.     A response is not required to Unwired Planet's prayer for relief.  To the extent that a response is deemed required, Apple denies that Unwired Planet is entitled to any relief whatsoever.  Apple has not infringed, directly or indirectly, any valid and enforceable claim of the Asserted Patents, and Unwired Planet is not entitled to any remedy or recovery.  Unwired Planet's prayer should therefore be denied in its entirety and with prejudice, and Unwired Planet should take nothing.

## AFFIRMATIVE AND OTHER DEFENSES

69.     Further answering the First Amended Complaint and as additional answers thereto, Apple asserts the following affirmative and other defenses:

### FIRST DEFENSE – INVALIDITY

1.     One or more of the claims of the Asserted Patents are invalid and unpatentable under 35 U.S.C. § 101 at least because the claims fail to satisfy the conditions and requirements for patentability under Title 35 of the United States Code, and are not directed to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvements thereof.  One or more claims of the Asserted Patents are invalid under 35 U.S.C.

§§ 102 and 103, because each element of one or more such claims is disclosed in prior art references and systems, considered alone or in combination with other references and systems, and because one or more of the named inventors did not invent the subject matter sought to be patented.  Such prior art references include, but are not limited to, the prior art referenced during prosecution of the applications for the Asserted Patents and in related patent applications.  One or more of the claims of the Asserted Patents are invalid under 35 U.S.C. § 112(a) at least because the Asserted Patents fail to provide a written description that conveys with reasonable clarity to those skilled in the art that, as of the filing dates sought, the inventors of the Asserted Patents were in possession of the invention, and because the Asserted Patents fail to enable any person reasonably skilled in the art to make and use the alleged invention claimed therein.  One or more of the claims of the Asserted Patents are invalid as indefinite under 35 U.S.C. § 112(b) for failing to particularly point out and distinctly claim the subject matter of the invention claimed therein.  One or more claims of the Asserted Patents are invalid under 35 U.S.C. § 116 and/or 256 because they fail to properly name joint inventors.

2.     **U.S. Patent No. 6,405,037:**  All claims of the '037 patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of at least the following prior art, either alone or in combination:

a)     U.S. Patent No. 5,845,077 entitled "Method and system for identifying and obtaining computer software from a remote computer" with named inventor Philip E. Fawcett;

b)     U.S. Patent No. 5,694,546 entitled "System for automatic unattended electronic information transport between a server and a client by a vendor

provided transport software with a manifest list" with named inventor Richard

R. Reisman;

c)      U.S. Patent No.6,557,054 entitled "Method and system for distributing

updates by presenting directory of software available for user installation that

is not already installed on user station" with named inventors Richard

Reisman;

d)      U.S. Patent No.5,005,122 entitled "Arrangement with Cooperating

management server node and network server node" with named inventors of

David Griffin, Johnathan Campbell, Michael Reilly, and Richard Rosenbaum;

e)      U.S. Patent No.5,896,566 entitled "Method for indicating availability of

updated software to portable wireless communication units" with named

inventors of Ziva Averburch and Rod Averbuch;

f)      U.S. Patent No.5,850,517 entitled "Communication link for client-server

having agent which sends plurality of requests independent of client and

receives information from the server independent of the server" with named

inventors of  Jay L. Verkler, Mark L. Lambert, Kenneth L. Harrenstien,

Muhammad Shafiq, Larry E. Neumann, and Daniel van der Rijn;

g)      U.S. Patent No.5,418,524 entitled "Method and apparatus for over-the-air

upgrading of radio modem application software" with named inventor Robert

D. Fennel;

h)      U.S. Patent No.5,742,905 entitled "Personal communications

internetworking" with named inventors of David Matthew Pepe, Lisa B.

Blitzer, James Joseph Brockman, William Cruz, Dwight Omar Hakim,

Michael Kramer, Dawn Dian Petr, Josefa Ramaroson, Gerardo Ramirez, Yang-Wei Wang, and Roberg G. White;

i)   U.S. Patent No. 5,166,886 entitled "System to demonstrate and sell computer programs" with named inventors of Charles E. Molnar and Alan L. Backus;

j)   U.S. Patent No.5,708,780 entitled "Internet server access control and monitoring system" with named inventors of Thomas Mark Levergood, Lawrence C. Stewart, Stephen Jeffrey Morris, Andrew C. Payne, and George Winfield Treese;

k)   *Cellular Digital Packet Data System Specification*, Release 1.0 (July 19, 1993).

l)   Gessler & Kotulla, *PDAS as mobile WWW browsers*, WWW Conference s'94 Mosaic and the Web Advance Proceedings Volume II (Oct. 17-20, 1994)

m)   Kotulla, Andreas, *Global Information Services and PDAs: Based on the Example of the WWW*, Karlsruhe University of Applied Sciences, Computer Science Department, Institute for Telematics, Telecooperation Office (1995)

n)   Kojo, E*nhanced Communication Services for Mobile TCP/IP Networking* (Apr. 1995)

o)   Any of the references Apple identified in its May 5, 2012 Notice of Prior Art filed in the ITC Investigation brought by Unwired Planet against Apple and styled *In re the Matter of Certain Devices for Mobile Data Communication*, Inv. No. 337-TA-809.

Apple reserves the right to rely on additional prior art for the purposes of this affirmative defense as Apple identifies such art during the course of this action and/or as Unwired Planet

asserts different claims, constructions, or contentions than Unwired Planet asserted against Apple in the ITC Investigation styled *In re the Matter of Certain Devices for Mobile Data Communication*, Inv. No. 337-TA-809, in which Unwired Planet accused Apple of infringing the '037 Patent.

3.      Depending on the scope of the claims of the '037 Patent or Unwired Planet's contentions in connection therewith, the claims are invalid for failure to provide an adequate written description or enabling disclosure pursuant to 35 U.S.C. § 112, subparagraph 1, or for indefiniteness under 35 U.S.C. § 112, subparagraph 2.

4.      **U.S. Patent No. 6,430,409:**  All claims of the '409 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of at least the following prior art, either alone or in combination:

      a)      U.S. Patent No. 5,555,446 entitled "Selective call receiver capable of requesting information from a communication system and method therefor" with named inventor Leon Jasinski.

      b)      U.S. Patent No.5,742,905 entitled "Personal communications internetworking" with named inventors of David Matthew Pepe, Lisa B. Blitzer, James Joseph Brockman, William Cruz, Dwight Omar Hakim, Michael Kramer, Dawn Dian Petr, Josefa Ramaroson, Gerardo Ramirez, Yang-Wei Wang, and Roberg G. White;

      c)      U.S. Patent No. 5,797,098 entitled "User interface for cellular telephone" with named inventors of Martin K. Schroder and Duane Sharman;

d)      U.S. Patent No. 5,437,053 entitled "Radio telecommunication apparatus" with named inventors of Buntaro Sawa, Kuniyoshi Marui, Katsumi Shitara, and Shinji Takachi;

e)      U.S. Patent No. 5,101,500 entitled "Radio telecommunication apparatus" with named inventor Kuniyoshi Marui;

f)      U.S. Patent No. 5,303,285 entitled "Wireless telephone service access method" with named inventors of Jean-Bernard Kerihuel and Maurice Martin;

g)      U.S. Patent No. 5,572,193 entitled "Method for authentication and protection of subscribers in telecommunications systems" with named inventors of Mary B. Blanders, Louis D. Finkelstein, and Larry C. Puhl;

h)      U.S. Patent No. 5,327,486 entitled "Method and system for managing telecommunications such as telephone calls" with named inventors of Richard S. Wolff, Warren S. Gifford, Michael Kramer, David S. Miller, Gerardo Ramirez, and David L. Turock;

i)      U.S. Patent No. 5,855,015 entitled "System and method for retrieval of hyperlinked information resources" with named inventor Yoav Shoham;

j)      U.S. Patent No. 5,543,789 entitled "Computerized navigation system" with named inventors of David A. Behr and Randall B. Jones;

k)      U.S. Patent No. 5,051,745, entitled "String searcher, and compressor using same" with named inventors of Phillip W. Katz;

l)      Apple MessagePad Handbook (1995)

m)      Newton Programmer's Guide: Communications (1995)

n)      Newton Technology: An Overview of a New Technology from Apple (1992)

o)      Newton Communication Press Backgrounder (1993)

p)      Dayna: Imagine A World With No Wires (1994)

q)      Dayna To Demonstrate First PCMCIA Wireless LAN Solution For The

        Newton Market (1995)

r)      Apple and ARDIS Announce Two-Way Wireless Communications Plans

        (1994)

s)      ARDIS Announces Work On Driver For Apple MessagePad Products Based

        On Newton Intelligence (1995)

t)       Apple Outlines Plethora of Newton Wireless Communications Solutions at

        MessagePad 120 Launch (1995)

u)      Apple Announces the MessagePad 120 With Enhanced Features (1995)

v)      Newton MessagePad 120 (1994)

w)      RAM Working With Apple To Bring Two-Way Wireless Connectivity To

        The Newton Platform (1994)

x)      Digital Ocean Announces Wireless LAN For Apple Newton MessagePad 110

        (1994)

y)      StarCore's Software Library for Devices Based on Newton Technology

        (1994)

z)      Smith, Walter, The Newton Application Architecture (1994)

aa)     Welland, Robert et al, The Newton Operating System (1994)

bb)     Newton: IMPORTANT Late-Breaking Information (1995)

cc)     The Apple PowerTalk/PowerShare Products Guide (1994)

dd)     ETE Wireless For Newton (1994)

ee)   Moeller, Michael, Motorola Newton device set to take wireless Notes. (SkyNotes Inc's PDA client software, middleware platform and suite of client-server Notes apps) (1994)

ff)   Photonics Cooperative Wireless Network System (1994)

gg)   Marco Wireless Communicator (1994)

hh)   Bartlett, Joel, F., W4 – the Wireless World Wide Web, Mobile Computing Systems & Applications (Dec. 8-9, 1994)

ii)   Bartlett, Joel, Experience with a Wireless World Wide Web Client, Western Research Laboratory Technical Note TN-46 (March 1995)

jj)   Gessler & Kotulla, PDAS as mobile WWW browsers, WWW Conference '94 Mosaic and the Web Advance Proceedings Volume II (Oct. 17-20, 1994)

kk)   Kotulla, Andreas, Global Information Services and PDAs: Based on the Example of the WWW, Karlsruhe University of Applied Sciences, Computer Science Department, Institute for Telematics, Telecooperation Office (1995)

ll)   *Motorola Envoy User Guide* (1994)

mm)   General Magic, *Magic Cap Complete* (1994)

nn)   General Magic, *Magic Cap Concepts* (1994)

oo)   IBM, *Simon Says "Here's How!"* (1994)

pp)   Cooper, *PDA Web Browsers: Implementation Issues* (1995)

qq)   Hoshi, *A Mobile Pen-Based Computing System for Cellular Systems* (1993)

rr)   Kojo, E*nhanced Communication Services for Mobile TCP/IP Networking* (Apr. 1995)

ss)   Watson, Terri, *Application Design for Wireless Computing* (1994)

tt)     Watson et al., *Local Area Mobile Computing on Stock Hardware and Mostly Stock Software* (1994)

uu)     Courtois et al., *Portal: A PDA-to-World-Wide-Web Interface* (1995)

vv)     Landay et al., *User Interface Issues in Mobile Computing* (1993)

ww)     Chakraborty, S.S., *Mobile Multimedia: In Context to ATM Transport and GSM/GPRS Mobile Access Networks* (1993)

xx)     Davis, James R., *Let Your Fingers do the Spelling: Implicit disambiguation of words spelled with the telephone keypad* (1991)

yy)     Berners Lee, Tim, *RFC 1738: Uniform Resource Locators* (1994)

zz)     Berners-Lee, Tim, *Uniform Resource Locators* (1994)

aaa)    *RFC 793: Transmission Control Protocol* (1981)

bbb)    W3C, *HTTP Request Fields* (1992)

ccc)    Liljeberg, Mika, *Optimizing World-Wide Web for Weakly Connected Mobile Workstations: An Indirect Approach* (1995)

ddd)    Gailly, Jean-loup, *Gzip 1.2.4 User Manual* (1993)

eee)    Any of the references Apple identified in its May 5, 2012 Notice of Prior Art filed in the ITC Investigation brought by Unwired Planet against Apple and styled *In re the Matter of Certain Devices for Mobile Data Communication*, Inv. No. 337-TA-809.

Apple reserves the right to rely on additional prior art for the purposes of this affirmative defense as Apple identifies such art during the course of this action and/or as Unwired Planet asserts different claims, constructions, or contentions than Unwired Planet asserted against Apple in the ITC Investigation styled *In re the Matter of Certain Devices for Mobile Data*

20

*Communication*, Inv. No. 337-TA-809, in which Unwired Planet accused Apple of infringing the '409 Patent.

5.      Depending on the scope of the claims of the '409 Patent or Unwired Planet's contentions in connection therewith, the claims are invalid for failure to provide an adequate written description or enabling disclosure pursuant to 35 U.S.C. § 112, subparagraph 1, or for indefiniteness under 35 U.S.C. § 112, subparagraph 2.

6.      **U.S. Patent No. 6,625,447:**  All claims of the '447 patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of at least the following prior art, either alone or in combination:

     a)      U.S. Patent No. 5,742,762 entitled "Network management gateway" with named inventors of Thomas H. Scholl and William E. Witowsky;

     b)      U.S. Patent No. 5,561,446 entitled "Method and apparatus for wireless remote information retrieval and pen-based data entry" with named inventor Terry F. Montlick;

     c)      U.S. Patent No. 5,701,515 entitled "Interface for switching plurality of pin contacts to transmit data line and plurality of pin contacts to receive data line to interface with serial controller" with named inventors of Eric J. Gradeler;

     d)      U.S. Patent No. 5,608,606 entitled "Computer plug-in module and interconnection system for wireless applications" with named inventors of Timothy J. Blaney;

     e)      U.S. Patent No. 5,796,727 entitled "Wide-area wireless LAN access" with named inventors of Colin George Harrison and Dieter Jaepel;

f)     U.S. Patent No. 5,543,789 entitled "Computerized navigation system" with named inventors of David A. Behr and Randall B. Jones;

g)     *Apple MessagePad Handbook* (1995)

h)     *Newton Programmer's Guide: Communications* (1995)

i)     *Newton Technology: An Overview of a New Technology from Apple* (1992)

j)     *Newton Communication Press Backgrounder* (1993)

k)     *Dayna: Imagine A World With No Wires* (1994)

l)     *Dayna To Demonstrate First PCMCIA Wireless LAN Solution For The Newton Market* (1995)

m)     *Apple and ARDIS Announce Two-Way Wireless Communications Plans* (1994)

n)     *ARDIS Announces Work On Driver For Apple MessagePad Products Based On Newton Intelligence* (1995)

o)     *Apple Outlines Plethora of Newton Wireless Communications Solutions at MessagePad 120 Launch* (1995)

p)     *Apple Announces the MessagePad 120 With Enhanced Features* (1995)

q)     *Newton MessagePad 120* (1994)

r)     *RAM Working With Apple To Bring Two-Way Wireless Connectivity To The Newton Platform* (1994)

s)     *Digital Ocean Announces Wireless LAN For Apple Newton MessagePad 110* (1994)

t)     *StarCore's Software Library for Devices Based on Newton* Technology (1994)

u)      Smith, Walter, *The Newton Application Architecture* (1994)

v)      Welland, Robert et al, *The Newton Operating System* (1994)

w)      *Newton: IMPORTANT Late-Breaking Information* (1995)

x)      *The Apple PowerTalk/PowerShare Products Guide* (1994)

y)      *ETE Wireless For Newton* (1994)

z)      Moeller, Michael, *Motorola Newton device set to take wireless Notes. (SkyNotes Inc's PDA client software, middleware platform and suite of client-server Notes apps)* (1994)

aa)     *Photonics Cooperative Wireless Network System* (1994)

bb)     *Marco Wireless Communicator* (1994)

cc)     Bartlett, Joel, F., *W4 – the Wireless World Wide Web, Mobile Computing Systems & Applications* (Dec. 8-9, 1994)

dd)     Bartlett, Joel, *Experience with a Wireless World Wide Web Client*, Western Research Laboratory Technical Note TN-46 (March 1995)

ee)     Gessler & Kotulla, *PDAS as mobile WWW browsers*, WWW Conference '94 Mosaic and the Web Advance Proceedings Volume II (Oct. 17-20, 1994)

ff)     Kotulla, Andreas, *Global Information Services and PDAs: Based on the Example of the WWW*, Karlsruhe University of Applied Sciences, Computer Science Department, Institute for Telematics, Telecooperation Office (1995)

gg)     *Motorola Envoy User Guide* (1994)

hh)     General Magic, *Magic Cap Complete* (1994)

ii)     General Magic, *Magic Cap Concepts* (1994)

jj)     Adobe, *Adobe Acrobat: The universal electronic publishing tool* (1995)

kk)     Adobe, *Adobe Acrobat Capture: Bring your printed documents back to life* (1995)

ll)     Adobe, *Adobe Acrobat: Software that give your computer the power to communicate* (1993)

mm)     Adobe, *World Wide Web Publishing with Adobe Acrobat Software* (1995)

nn)     MacUser, *Internet Road Map* (1995)

oo)     IBM, *Simon Says "Here's How!"* (1994)

pp)     Kaashoek et al., *Dynamic Documents: Mobile Wireless Access to the WWWW*, Proceedings of the IEEE Workshop on Mobile Computing Systems and Applications (1994)

qq)     Watson, Terri, *Application Design for Wireless Computing* (1994)

rr)     Courtois et al., *Portal: A PDA-to-World-Wide-Web Interface* (1995)

ss)     Chakraborty, S.S., *Mobile Multimedia: In Context to ATM Transport and GSM/GPRS Mobile Access Networks* (1993)

tt)     Liljeberg, Mika, *Optimizing World-Wide Web for Weakly Connected Mobile Workstations: An Indirect Approach* (1995)

uu)     Any of the references Apple identified in its May 5, 2012 Notice of Prior Art filed in the ITC Investigation brought by Unwired Planet against Apple and styled *In re the Matter of Certain Devices for Mobile Data Communication*, Inv. No. 337-TA-809.

Apple reserves the right to rely on additional prior art for the purposes of this affirmative defense as Apple identifies such art during the course of this action and/or as Unwired Planet asserts different claims, constructions, or contentions than Unwired Planet asserted against Apple

in the ITC Investigation styled *In re the Matter of Certain Devices for Mobile Data Communication*, Inv. No. 337-TA-809, in which Unwired Planet accused Apple of infringing the '447 Patent.

7.     Depending on the scope of the claims of the '447 Patent or Unwired Planet's contentions in connection therewith, the claims are invalid for failure to provide an adequate written description or enabling disclosure pursuant to 35 U.S.C. § 112, subparagraph 1, or for indefiniteness under 35 U.S.C. § 112, subparagraph 2.

## SECOND DEFENSE – NON-INFRINGEMENT

8.     To the extent considered an affirmative defense, Apple has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents.

## THIRD DEFENSE – LACHES/ESTOPPEL/WAIVER

9.     Unwired Planet's claims for relief are barred in whole or in part by the equitable doctrines of laches, estoppel, and/or waiver.

## FOURTH DEFENSE – LIMITATION OF DAMAGES

10.     Unwired Planet's claim for damages is limited by 35 U.S.C. § 286.

## FIFTH DEFENSE – NO NOTICE

11.     To the extent Unwired Planet seeks damages for any alleged infringement occurring prior to its giving actual notice of the alleged infringement of the Asserted Patents to Apple, its claims are barred pursuant to 35 U.S.C. § 287.

## SIXTH DEFENSE – COSTS BARRED

12.     Unwired Planet is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SEVENTH DEFENSE – FAILURE TO STATE A CLAIM

13.     The First Amended Complaint fails to plead indirect infringement or willful infringement with sufficient specificity.

14.     In addition, the First Amended Complaint fails to state any claim for indirect or willful infringement upon which relief can be granted in light of claim constructions adopted by the Administrative Law Judge in the International Trade Commission (ITC) investigation styled *In the Matter of Certain Devices for Mobile Data Communication*, Inv. No. 337-TA-809.  In particular, the Administrative Law Judge construed certain claim terms of each of the Asserted Patents in such a manner as to preclude their applicability to the products Unwired Planet accused of infringement in the ITC investigation – which are the same or similar products as those Unwired Planet accuses of infringement in this action.  Further, Unwired Planet filed a stipulation in the ITC investigation that, in light of the Administrative Law Judge's claim constructions, the accused products did not infringe any of the Asserted Patents.  In light of the foregoing, Apple did not and does not possess the requisite intent or mental state for indirect or willful infringement.

## RIGHT TO ALLEGE FURTHER DEFENSES
## AS SUPPORTED BY THE EVIDENCE

15.     Apple reserves the right to assert additional defenses that become known through the course of discovery and investigation of this case.

## COUNTERCLAIM

Counterclaimant Apple, by and through its attorneys, asserts the following Counterclaim against Counterdefendant Unwired Planet.

1.      Apple re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-14 inclusive of its Affirmative and Other Defenses, as if fully set forth herein.

2.      Apple is a corporation duly organized and existing under the laws of California and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.      On information and belief, Unwired Planet is a Nevada entity having its principal place of business at 226 California Avenue, Reno, Nevada 89509.  "Unwired Planet" refers to Unwired Planet and its predecessors in interest referred to herein.

4.      In its Counterclaims, Apple seeks declarations of invalidity and non-infringement of the Asserted Patents.  This Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. § 1331, and pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to 28 U.S.C. § 1332.

5.      This Court has personal jurisdiction over Unwired Planet at least because it has submitted to the jurisdiction of this Court.

6.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

7.      On or about August 31, 2011, Unwired Planet filed its Complaint for Patent Infringement in the District of Delaware, alleging that Unwired Planet is the owner by assignment of the entire right, title and interest in and to the Asserted Patents, as well as U.S. Patent Nos. 6,289,212 and 6,233,608.  Also on or about August 31, 2011, Unwired Planet filed a Complaint under Section 337 of the Tariff Act of 1930, As Amended, in the International Trade Commission, *In the Matter of Certain Devices for Mobile Data Communication*, Inv. No. 337-TA-809, alleging that Unwired Planet is the owner by assignment of the entire right, title and

interest in and to the Asserted Patents, as well as U.S. Patent Nos. 6,289,212 and 6,233,608.  On or about October 17, 2011, Unwired Planet and Apple, together with RIM, filed a Stipulation to Stay the [Delaware] Action Pending ITC Determination.  D.I. 6.  The Court granted the parties' Stipulation on October 17, 2011, thus staying the instant action pending resolution of the ITC Investigation.  D.I. 7.  On or about December 21, 2012, Unwired Planet and Apple, together with RIM, filed a stipulation to lift the stay on the Delaware action after the ITC Investigation was terminated when Unwired Planet moved to dismiss all of its claims in their entirety just days before the hearing was set to begin.  *See* D.I. 9.  The Court granted the parties' stipulation to lift the stay on December 28, 2012.  D.I. 10.  On or about January 2, 2013, Unwired Planet filed its First Amended Complaint for Patent Infringement, alleging that Unwired Planet is the owner by assignment of the entire right, title and interest in and to the Asserted Patents. D.I. 11.

8.      In its Complaint and First Amended Complaint, Unwired Planet named Apple as Defendant and asserted claims of patent infringement against Defendants under 35 U.S.C. §§ 271, 271(b) and 271(c).  As a result of at least the allegations contained in Unwired Planet's First Amended Complaint and Apple's denial of such allegations, an actual and justiciable controversy exists.

9.      The Asserted Patents are invalid for failure to meet the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112, as set forth in paragraphs 1-7 of Apple's Affirmative and Other Defenses.

10.      Apple has not infringed and is not infringing the Asserted Patents, willfully or otherwise, directly, contributorily or by inducement, either literally or by application of the doctrine of equivalents.

11.     Pursuant to 28 U.S.C. § 2201(a), and as a result of Unwired Planet's allegations of infringement against Apple, an actual and justiciable controversy has arisen and exists between Apple and Unwired Planet.  Apple is entitled to a judicial determination and declaration that it has not infringed and is not infringing the Asserted Patents and that the Asserted Patents are invalid and unenforceable.

12.     On information and belief, when Unwired Planet brought this action, it knew, or should have known, that the claims of the Asserted Patents are invalid and that Apple has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents.  In addition, on information and belief, Unwired Planet knew, or should have known, that the claims of the Asserted Patents are invalid and that Apple has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents when Unwired Planet filed this First Amended Complaint.

13.     By way of example, when Unwired Planet filed its original complaint in this action, it asserted two patents – U.S. Patent Nos. 6,289,212 and 6,233,608 – that it has since dropped from its First Amended Complaint, evidencing the fact that Unwired Planet knew or should have known that those patents were invalid all along.

14.     This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and Apple is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Apple demands a jury trial on all of its Counterclaims and on all other issues that may be tried by a jury.

WHEREFORE, Defendant and Counterclaimant Apple prays as follows:

A.      That the First Amended Complaint against Apple be dismissed in its entirety with

prejudice and that a judgment be entered in favor of Apple and against Unwired

Planet;

B.      That Unwired Planet take nothing by reason of its First Amended Complaint;

C.      That the Court enter an order denying any and all of Unwired Planet's requests for

injunctive relief against Apple;

D.      That the Court enter a judgment declaring that Apple has not infringed and does

not infringe, directly, contributorily or by inducement, any claim of the Asserted

Patents;

E.      That the Court enter a judgment declaring that each and every claim of the

Asserted Patents is invalid;

F.      That the Court enter an order under 35 U.S.C. § 285, awarding Apple its

reasonable attorneys' fees and costs of suit incurred in this litigation, as Unwired

Planet's conduct as set forth above renders this an exceptional case; and

G.      That the Court enter an order awarding Apple all such other and further relief as

the Court deems proper.


Dated: February 1, 2013

*/s/ Mary B. Matterer*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Josh Krevitt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035

H. Mark Lyon
Y. Ernest Hsin
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Tel.: 650.849.5300
Fax: 650.849.5333

*Attorneys for Defendant Apple Inc.*