IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Openwave Systems, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Apple Inc., Research In Motion Ltd. and Research In Motion Corp.,**<br><br>Defendants. | Civil Action No. 11-765-RGA |

MEMORANDUM ORDER

Presently before the Court is Defendants' Motion for Summary Judgment of Non-Infringement (D.I. 73) and related briefing. (D.I. 74, 92, 98). This motion is unexpected. Plaintiff previously stated, "In the event the Court adopts a construction [of the disputed claim terms] that matches the ALJ's construction of these terms in all material respects, the parties will meet and confer to present a motion or stipulation to the Court terminating this case." (D.I. 33 at 2). The ALJ construed these terms as a "portable wireless two-way communication device that does not contain a computer module." (D.I. 38-5 at 54). I construed these terms as a "portable wireless two-way communication device that does not contain a computer module." (D.I. 62 at 7). The only difference was that I added a footnote that read, "I make clear that this construction does not read out embodiments including microcontrollers." (D.I. 62 at 7 n.3). Plaintiff argues that this is a material difference because the ALJ refused to provide clarification regarding microcontrollers. (D.I. 92 at p. 6). I do not believe that this is a material difference. Nevertheless, I am not going to further consider at this time the consequences of Plaintiff's unfulfilled representations.

1

In the claim construction opinion, I recognized that "the patents themselves distinguish between a microcontroller and a computer module." (D.I. 62 at 5). I stated:

> While a microcontroller may indeed be a type of computer module, as pointed out by Plaintiff, *see* D.I. 36 at 10, the specification distinguishes between the two. The ALJ's construction, when read in light of the specification, makes clear that only computer modules, not including microcontrollers, are outside the scope of the claims. The ALJ's construction therefore does not read out the preferred embodiment of the invention.

(D.I. 62 at 5). In making this comment, I did not materially alter the ALJ's claim construction. I merely clarified it in light of the intrinsic evidence.

Plaintiff's briefing attempts to persuade the Court that there is genuine issue of material fact because "each of the accused mobile devices contains an application processor that is a computer module (and also a microcontroller)." (D.I. 92 at p. 1). Plaintiff has submitted an expert declaration stating that various processors in Defendants' products are "microcontrollers." (D.I. 93). Plaintiff's expert does not anywhere state, at least so far as I can see, that the Defendants' products do not contain "computer modules." Plaintiff previously conceded that the accused products contain computer modules, although it is not clear to me what was meant by that.

The patents disclaimed mobile devices containing computer modules. The difficulty here is that I have construed the disputed terms by reference to the term "computer module" and further by reference to the term "microcontroller." Those are terms that appear in the patent, but they are not explicitly defined in the patent. Nor were they explicitly construed by me. Since a microcontroller can be considered a computer module, saying that something is a computer module does not necessarily mean that it is anything different than a microcontroller.

The patents do not contemplate that a microcontroller by itself is a computer module within the meaning of the patent, which I tried to make clear. That those microcontrollers might

2

also be referred to as computer modules in other contexts is not controlling. Here the patentee distinguished computer modules from microcontrollers, but the distinction between the two, which may be obvious to a POSITA, is not obvious to me. Therefore, while it is clear to me that the question of infringement is whether the accused products contain a computer module that is not solely a microcontroller, the answer is not clear based on the record before me.

Thus, it is with some frustration (which I expect I will be able to revisit when the question of sanctions or exceptional case arises) that I cannot grant summary judgment. While there are clues that the Defendants' products do not infringe the patents, the briefing and record do not make that clear to me. Thus, Defendants' Motion for Summary Judgment of Non-Infringement (D.I. 73) is **DENIED**.

Entered this 9th day of September, 2014.

Richard G. Andrews
United States District Judge

3