IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>APPLE INC., RESEARCH IN MOTION LTD. )<br>and RESEARCH IN MOTION CORP.,   )<br>)<br>Defendants.   ) | C.A. No. 11-765 (RGA) |

**STIPULATION AND ORDER REGARDING
JUDGMENT OF NONINFRINGEMENT FOR ALL ACCUSED PRODUCTS
UNDER THE COURT'S CLAIM CONSTRUCTION ORDER**

WHEREAS, Plaintiff Unwired Planet, Inc. ("Unwired Planet") and Defendants Blackberry Ltd. (f/k/a Research in Motion Ltd.) and Blackberry Corp. (f/k/a Research in Motion Corp.) (collectively, "Blackberry"), and Apple Inc. ("Apple") stipulate and move for entry of judgment of noninfringement under all claims of all asserted patents as to all Accused Products under the Court's claim construction order as set forth below; and

WHEREAS, entering judgment of noninfringement now will allow the parties to forego further litigation in this Court, while preserving Unwired Planet's right to appeal the Court's claim construction order;

IT IS HEREBY STIPULATED AND AGREED by the parties, subject to the approval of the Court, as follows:

1.      This is a patent infringement action brought by Unwired Planet against Apple and Blackberry.  The patents-in-suit in this action include United States Patent Nos. 6,405,037 ("the '037 Patent"), 6,430,409 ("the '409 Patent"), and 6,625,447 ("the '447 Patent") (collectively, the "Asserted Patents").

2. Unwired Planet has accused certain electronic devices, namely Defendants' products including, but not limited to, Apple's iPhone 3G, 3GS, 4, 4S, and 5, iPod Touch, and iPad 1, 2, and 3, and Blackberry's Curve, Bold, Torch, and Playbook models of devices for mobile data communication (the "Accused Products").

3. This stipulation applies to three terms in the asserted patents: (a) "mobile device" in all claims of the '037 Patent; (b) "wireless mobile telephone" in all claims of the '409 Patent; and (c) "two way communication device" in all claims of the '409 and '447 Patents, which terms have been construed as a group and referred to collectively as "mobile device" (D.I. 62 at 2-3). The **"mobile device"** terms appear as a limitation in all claims of the '037, '409 and '447 patents.

4. On February 19, 2014, the Court issued a Memorandum Opinion and Order construing the disputed claim terms collectively referred to as "mobile device" (D.I. 62) (the "Court's Claim Construction"). The Court's Claim Construction defines the term "mobile device" as a "portable wireless two-way communication device that does not contain a computer module." In a footnote, the Court stated that it was making "clear that this construction does not read out embodiments including microcontrollers." *Id.*

5. On April 29, 2014, Defendants filed a Motion for Summary Judgment of Non-Infringement based on the Court's construction of the "mobile device" terms (D.I. 73). The parties agreed to delay discovery and other events in the case to conserve resources while the Court considered the Defendants' motion.

6. On September 9, 2014, the Court denied the Defendants' Motion for Summary Judgment (D.I. 100).

7. The parties now stipulate that Unwired Planet cannot prove infringement of the Accused Products based on the Court's construction of the "mobile device" terms as set forth in the Court's Claim Construction Order and Summary Judgment Order (D.I. 62 and 100). Unwired Planet concedes that the Accused Products contain a computer module. Under the Court's construction of the "mobile device" terms, Unwired Planet cannot prove that Defendants make, use, sell, or offer to sell Accused Products that meet the limitation of being a "mobile device" as construed by the Court.

8. The parties respectfully request that the Court enter judgment of non-infringement as to all asserted patents to conserve judicial resources and to avoid the time and expense of further discovery and motion practice. Upon entry of such judgment and upon entry of final judgment in this case, Unwired Planet intends to file a notice of appeal as to the Court's final judgment of non-infringement. In the event that the Federal Circuit dismisses Unwired Planet's appeal as premature, Unwired Planet reserves the right (which Defendants do not contest) to undertake further proceedings in this Court on remand to complete the record for appeal.

9. The parties further stipulate and agree that Defendants' unadjudicated affirmative defenses and counterclaims are dismissed without prejudice to being reasserted in the event of remand or other assertions by Unwired Planet of the Asserted Patents.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS JAMES LLP |
|---|---|
| */s/ Rodger D. Smith II* | */s/ Mary B. Matterer* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com | Richard K. Herrmann (#405)<br>Mary B. Matterer (#2696)<br>Kenneth L. Dorsney (#3726)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>rherrmann@morrisjames.com<br>mmatterer@morrisjames.com<br>kdorsney@morrisjames.com |
| *Attorneys for Plaintiff Unwired Planet, Inc., f/k/a Openwave Systems Inc.* | *Attorneys for Defendant Apple Inc.* |

POTTER ANDERSON & CORROON LLP

*/s/ Richard L. Horwitz*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
1313 North Market Street, 6th Floor
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Research in Motion Ltd. and Research in Motion Corp.*

October 2, 2014
8568033.1

    SO ORDERED this ____ day of _____, 2014.

_____
The Honorable Richard G. Andrews

4